*W. K. Marshall*, for appellant.

*J. E. McDonald* and *J. M. Butler*, for appellee.

———————⋅———————

## PRICE *v*. BAKER, GOVERNOR.

SUPREME COURT.—*Assignment of Errors.*—When a party appeals to the Supreme Court by filing the transcript in the office of the clerk of said court, no appeal having been prayed in the court below, and no notice having been served, he may, without having assigned error, have his process or notice to the appellee issued by the clerk of the Supreme Court, and afterward assign errors, "on or before the first day of the term at which the cause stands for trial."

APPEAL from the Marion Circuit Court.

DOWNEY, J.—A question of practice having arisen in this case, it is thought best to state the point and the ruling upon it. The appellee moves to continue the cause, and the appellant moves that it be submitted. The transcript was filed in the office of the clerk of this court, no appeal having been prayed in the circuit court, or notice served, without any assignment of errors; and thereupon notice was issued by the clerk, which was duly served in time for the submission of the cause at this term. The appellee insists that no pro-

cess or notice could be issued by the clerk until after the errors had been assigned, while the appellant contends that the process or notice was properly issued, without the assignment of errors, and that the errors may be assigned at any time, on or before the first day of the term, as was done in this case.

Since the abolition of writs of error, all cases come to this court by appeal. There are three modes of appealing. The first is when the appeal is prayed and taken during the term of the court at which the judgment is rendered. The second is after the close of the term at which judgment is rendered, by the service of a notice in writing on the adverse party, or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment, or some specific part thereof. In neither of these modes of appealing is process or notice to the appellee from this court necessary, but the transcript must, of course, be filed in the office of the clerk of this court, as required by the statute and the rules of the court. The third, which is the mode resorted to in this case, is thus provided for by the last clause of section 556 of the code: "Or such appeals may be taken by procuring from the clerk of the court a transcript of the record, and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall indorse thereon the time of filing, and issue a notice of the appeal to the appellee."

The section with reference to the assignment of errors is as follows: "Sec. 568. No pleadings shall be required in the Supreme Court upon an appeal but a specific assignment of all errors relied upon, to be entered on the transcript in matters of law only, which shall be assigned on or before the first day of the term at which the cause stands for trial; and the appellee shall file his answer thereto." It is clear enough, we think, from these provisions, taking them together, which we must do, for they relate to the same subject, that the party appealing in the manner resorted to in this case,

may file his transcript, and, without assigning errors, if he choose to do so, take out his process or notice to the appellee, and assign his errors, "on or before the first day of the term at which the cause stands for trial." To assign the errors, however, before the process or notice to the appellee is issued, is the most common, convenient, and safe practice. Such was, probably, the practice contemplated by rule one of this court, which, by different numbers, has been in force since the organization of the court, and which is as follows: "The assignment of errors shall contain the full names of the parties, and process, when necessary, shall issue accordingly."

The rule is not, we think, clearly in conflict with the statute. It does not require that the assignment shall be made before the process issues. But if process has not been issued before the assignment of errors is made, but is then or thereafter issued, it shall issue according to the names in the assignment of errors. If the appellant take the risk of having his process issued before the errors have been assigned, and it shall not be issued in favor of or against the proper parties, he must take the chances of having it adjudged insufficient, or set aside.

The motion to continue the cause is overruled, and that to submit is sustained.

*S. Claypool* and *W. R. Harrison*, for appellant.

*C. A. Ray* and *J. M. Davidson*, for appellee.